VINCENT N. LOECHNER, PLAINTIFF, v.
MILDRED LOECHNER, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided June 15, 1972.

*Mr. Harold M. Savage* for plaintiff Vincent N. Loechner.

*Mr. Louis T. Gallo* for defendant Mildred Loechner.

POLOW, J. J. D. R. C. (temporarily assigned). Defendant, by way of counterclaim, seeks equitable distribution of property acquired by plaintiff during the marriage, pursuant

to *N. J. S. A.* 2A:34–23. Defendant had been successful in a prior suit for limited divorce in which a final judgment for divorce from bed and board was granted to her on July 8, 1965. The sole contested question of law is whether the entry of the limited divorce in favor of the wife seven years ago permanently fixed the property rights of either party against the other arising as a result of the marriage.

The wife now argues that since the husband is presently seeking an absolute divorce to which he was not entitled under the old law, he should suffer the consequences of the new statute as well as reap its benefits. By way of counterclaim she seeks equitable distribution of stock acquired by the husband in his own name prior to the limited divorce judgment seven years ago. While her argument has sentimental appeal, particularly since the husband was found guilty of and the wife free of marital fault, it nevertheless lacks legal merit.

The applicable statute, in effect then as now, *N. J. S. A.* 2A:34–6, provides:

> For and during the time that any judgment for divorce from bed and board shall remain in force and effect all property rights of the parties shall be as though a judgment of absolute divorce had been entered.

The foregoing statute had the effect of vesting the property rights of each party as of the date of judgment of limited divorce in spite of the continued subsistence of the marital bond. The prior judgment of limited divorce had the same effect on the property rights of the parties as to each other as though a judgment for absolute divorce had been entered at that time. *Lavino v. Lavino,* 23 *N. J.* 635 (1957). The result must be the same regardless of which party obtained the relief.

Defendant-counterclaimant's demand for relief by way of equitable distribution of property will be dismissed.